## Case No. 10,878.

### In re PEARSON.

[2 N. B. R. 477 (Quarto, 151);[1] 2 Am. Law T. Rep. Bankr. 66.]

District Court, N. D. New York. 1869.

BANKRUPTCY—VOTING FOR ASSIGNEE—APPOINTMENT BY REGISTER.

There is no such thing known to the law as an informal vote. Where a vote by creditors at a first meeting results in no choice of an assignee, it is the duty of the register to inform the creditors that the choice devolves on the judge, un-

[1] [Reprinted from 2 N. B. R. 477 (Quarto, 151), by permission. 2 Am. Law T. Rep. Bankr. 66, contains only a partial report.]

less there be no opposing interest. An appointment of an assignee by the register, although no objection was made at the time, adjudged irregular, and appointment annulled.

[Cited in Re Herrman. Case No. 6,426.]

At the first meeting of creditors in this case, fifty of the creditors, representing about one thousand dollars of claims, voted for John G. Crocker for assignee; while some twenty creditors, representing some ten thousand dollars of claims, voted for M. C. Comstock for assignee. The register then stated to the creditors that as there was no choice made, it would be his duty to appoint an assignee; and the counsel for the creditors who voted for Comstock said that if any creditors had objections to make they had better make them. No creditor having made objection, the register then appointed Mr. Comstock. Subsequently, the creditors who voted for Crocker, obtained an order that the register report the proceedings had at the meeting, and that Comstock show cause why his appointment should not be rejected. On return of the order to show cause, J. T. Spriggs, Esq., for Comstock, read the register's report, showing the proceedings substantially as given above, except that he reported that there was no formal vote, but only an informal vote, or an expression of opinion, by the creditors, as to this preference. Affidavits were also read in support of the report, except that they stated that there was, as they understood, a formal vote.

George Gorham, Esq., for the creditors who voted for Mr. Crocker, read affidavits by many of those creditors, by which it appeared that they did not desire Mr. Comstock as assignee alone; that they did not intend at the meeting to waive their right to object, and understood from the register that it was his duty to appoint, if there was no choice, whether there was an opposing interest or not.

Counsel raised the point that, taking the register's report to be correct, the appointment was improperly made because there had been no vote; and that until a vote had been had there could be no failure to choose, so as to warrant an appointment.

HALL, District Judge, said that there was no such thing known to the law as an informal vote; that a vote was had in this case; that there had been no choice; and that it was the duty of the register to have stated to the meeting that the duty of appointing an assignee devolved upon the judge, unless there was no opposing interest, and that any creditor had the right to object to the register's making the appointment; that there certainly was an opposing interest in this case, and the appointment by the register was irregular. The appointment of Mr. Comstock by the register was therefore annulled, and an order was made appointing both Mr. Comstock and Mr. Crocker

joint assignees, and providing, if either failed to accept it in five days, that the one accepting should act alone.